IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SIDNEY HARRIS, # M-37506, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-192-NJR |
| | ) |
| LARRY HENDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court for case management. Plaintiff Sidney Harris's claim in this case was severed from his original civil rights action (Case No. 19-cv-660-SMY) (Doc. 1). On December 7, 2020, the Court granted Harris's motion to proceed with this severed claim but ordered him to submit an amended complaint because his original Complaint failed to state a claim upon which relief may be granted. (Doc. 9). He asserted a Fourteenth Amendment claim against Henderson for writing up an unfair disciplinary ticket while Harris was confined at Vienna Correctional Center. The Court concluded that Harris failed to allege a deprivation of due process, and further determined this claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), unless Harris can demonstrate that his revoked good conduct credits have been restored. (Doc. 9, pp. 3-4).

Harris was warned that if he failed to file a First Amended Complaint by January 7, 2021, this case would be dismissed. The Court later extended Harris's deadline to amend to March 22, 2021, but again warned him that failure to submit an amended

1

complaint would result in dismissal of this case. (Doc. 17). The March 22 deadline has passed, and Harris has not filed an amended complaint or any other response to this Court's Notice of Impending Dismissal. Accordingly, this case will be dismissed.

**IT IS HEREBY ORDERED** that this Section 1983 action is **DISMISSED** for failure to prosecute. FED. R. CIV. P. 41(b). Because Harris's claim appears to be *Heck*-barred, the dismissal is **without prejudice**. *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011). *See also Hill v. United States*, 762 F.3d 589, 591 (2014) (court should explain why dismissal for failure to prosecute should be without prejudice to overcome the presumption that such dismissal is with prejudice); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993).

Aside from the *Heck* bar, the Complaint failed to allege any deprivation of procedural due process in Harris's disciplinary proceeding and thus failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A; (Doc. 2, p. 3; Doc. 9, pp. 3-4). Accordingly, the Court counts this dismissal as one of Harris's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

Harris's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Harris wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Harris plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Harris does choose to appeal, he will be liable for

the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Harris may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

DATED: April 5, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**